UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICK RUDD,<br>Plaintiff,<br>v.<br><br>PROVIDENCE POLICE DEPT.,<br>BADGES #802, 593, 472, & 569,<br>and DEAN'S AUTO BODY,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>CA 07-014 S |

**ORDER DENYING**
**WITHOUT PREJUDICE**
**APPLICATION TO PROCEED IN FORMA PAUPERIS**

On January 16, 2007, Plaintiff Patrick Rudd ("Plaintiff") filed a Complaint and an Application to Proceed without Prepayment of Fees and Affidavit ("Application"), requesting that he be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Complaint indicates that it is brought pursuant to 42 U.S.C. § 1985. However, Plaintiff's pleading fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)[1] because the Complaint lacks the date (day, month, and year) on which the acts about which he complains allegedly occurred. The

---

[1] Federal Rule of Civil Procedure 8(a) provides:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (bold added).

Complaint additionally fails to state a claim under 42 U.S.C. 1985(3).[2] "To state a claim under § 1985(3), a plaintiff must, among other requirements, allege the existence of a conspiracy intended to deprive an individual or class of persons of protected rights based on '"some racial, or perhaps otherwise class-based, invidiously discriminatory animus."'" Burns v. State Police Association of Massachusetts, 230 F.3d 8, 12 (1st Cir. 2000)(quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct.

---

[2] Because subsections (1) and (2) of 42 U.S.C. § 1985 are clearly inapplicable to the facts alleged in the Complaint, Plaintiff presumably is attempting to allege a violation of subsection (3) of the statute. Subsection 3 states:

> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

1790 (1971)))(footnote omitted).[3]

Because Plaintiff's Complaint fails to comply with Rule 8(a) and also fails to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), the Complaint is subject to dismissal. See 28 U.S.C. § 1915(e)(2).[4] However, in deference to Plaintiff's pro se status, the Court will allow him the opportunity to file an amended complaint.

**Accordingly, the Application is DENIED WITHOUT PREJUDICE. Plaintiff is directed to file within thirty (30) days an amended complaint which complies with the Federal Rules of Civil Procedure and the applicable law regarding claims brought pursuant to 42 U.S.C. § 1985.** The amended complaint shall be titled "First Amended Complaint." If Plaintiff fails to file an amended complaint as directed, this Magistrate Judge will issue a Report and Recommendation, recommending that the Complaint be dismissed and the Application denied.

---

[3] The Supreme Court has also indicated that an equal protection claim could be stated under 42 U.S.C. § 1985 where a "plaintiff alleges that 'she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment' creating a 'class of one' cause of action, without regard to subjective motivation." Burns v. State Police Association of Massachusetts, 230 F.3d 8, 12 n.4 (1st Cir. 2000) (quoting Village of Willowbrook v. Olech, 528 U.S. 563, 564, 120 S.Ct. 1073, 174 (2000)(per curiam)).

[4] 28 U.S.C. § 1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> **(ii) fails to state a claim on which relief may be granted**; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
January 22, 2007

BY ORDER:

Deputy Clerk