UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICK RUDD,<br>Plaintiff,<br>v.<br><br>PROVIDENCE POLICE DEPT.,<br>BADGES #802, 593, 472, & 569,<br>and DEAN'S AUTO BODY,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 07-014 S |

**ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**

On January 22, 2007, the Court issued an order denying without prejudice Plaintiff's application to proceed in forma pauperis and directing him to file an amended complaint within thirty days which complied with the Federal Rules of Civil Procedure and the applicable law regarding claims brought pursuant to 42 U.S.C. § 1985. See Order Denying without Prejudice Application to Proceed in Forma Pauperis (Document ("Doc.") #4) ("Order of 1/22/07") at 3. In that order the Court noted that the Complaint lacked the date (day, month, and year) on which the acts about which Plaintiff complained allegedly occurred. See id. at 1. The Court also noted that, although the Complaint stated that it was brought pursuant to 42 U.S.C. § 1985, Plaintiff failed to state a claim under that statute. See id. at 1-2. Accordingly, Plaintiff was directed to file an amended complaint which complied with the Federal Rules of Civil Procedure and the applicable law regarding claims brought pursuant to 42 U.S.C. § 1985. See id. at 3.

Plaintiff filed a document entitled First Amended Complaint (Doc. #5) on February 7, 2007. In this filing Plaintiff appears to indicate that the acts about which he complained in the Complaint occurred on January 10 or 11, 2007. See First Amended

Complaint at 15.[1] To this limited extent, Plaintiff complied with the Order of 1/22/07. However, as a pleading document, the First Amended Complaint is even less satisfactory than the Complaint. It is twice as long and even more difficult to understand. Plaintiff does not state in the First Amended Complaint the basis for his claim against the Defendants. Even reading the Complaint and the First Amended Complaint together, the basis for Plaintiff's claim against the Defendants remains unclear.

Again in deference to his pro se status, the Court will afford Plaintiff a final opportunity to file a complaint which complies with Fed. R. Civ. P. 8(a).[2] **Accordingly, Plaintiff is ordered to file a second amended complaint by March 12, 2007.** It must be titled "Second Amended Complaint" and must contain: 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, 2) a short and plain statement of the claim showing that Plaintiff is entitled to relief, and 3) a demand for judgment for the relief Plaintiff seeks.[3] See Fed. R. Civ. P. 8(a). This information must be stated within the Second Amended Complaint and not in some other document or filing. Plaintiff should not include any argument regarding his disagreement with

---

[1] The First Amended Complaint is six pages in length, and the first page is numbered page 10.

[2] Fed. R. Civ. P. 8(a) provides in relevant part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief ....

Fed. R. Civ. P. 8(a).

[3] In the First Amended Complaint, Plaintiff does not state a demand for judgment against Defendant Dean's Auto Body. See First Amended Complaint at 13.

the Order of 1/22/07 or this Order.[4]

If Plaintiff fails to file a Second Amended Complaint which complies with this order, this Magistrate Judge will issue a Report and Recommendation, recommending that the Complaint and First Amended Complaint be dismissed and the Application denied pursuant to 28 U.S.C. § 1915(e)(2)[5] because Plaintiff has failed to state a claim on which relief may be granted.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
February 28, 2007

BY ORDER:

Deputy Clerk

---

[4] Plaintiff appears to believe that the Court is questioning his indigency and that is why his Application has not been granted. See First Amended Complaint at 12-13. If so, he is mistaken. The difficulty which the Court has with his Complaint and his First Amended Complaint is that they are largely incomprehensible. **Plaintiff needs to state clearly and concisely in his Second Amended Complaint what the defendants allegedly did that forms the basis for his claim against them.**

[5] 28 U.S.C. § 1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; **or**
> (B) the action or appeal--
> (i) is frivolous or malicious;
> **(ii) fails to state a claim on which relief may be granted**; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).