UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICK RUDD,<br>Plaintiff,<br>v.<br><br>PROVIDENCE POLICE DEPT.,<br>BADGES #802, 593, 472, & 569,<br>and DEAN'S AUTO BODY,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 07-014 S |

**ORDER**
**GRANTING APPLICATION**
**TO PROCEED IN FORMA PAUPERIS**

Before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #3) ("Application"), requesting that he be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Court previously denied the Application without prejudice because the Complaint (Doc. #1) which accompanied it failed to satisfy the requirements of Fed. R. Civ. P. 8(a). See Order Denying without Prejudice Application to Proceed in Forma Pauperis (Doc. #4). Plaintiff was directed to file an amended complaint which complied with the Federal Rules of Civil Procedure. See id. at 3. On February 7, 2007, Plaintiff filed a document entitled First Amended Complaint (Doc. #5), but the Court found that this document also failed to comply with Rule 8(a) of the Fed. R. Civ. P. and directed Plaintiff to file a second amended complaint. See Order Directing Plaintiff to File Second Amended Complaint (Doc. #9) at 2.

On March 6, 2007, Plaintiff filed his Second Amended Complaint (Doc. #11). This document is shorter and somewhat clearer than his First Amended Complaint. Reading Plaintiff's Second Amended Complaint with the extra degree of solicitude due a pro se litigant, it appears that he alleges the following:

1. That on the morning of January 10, 2007, he legally parked a truck on Benefit Street, in Providence, Rhode Island, for less than thirty minutes while he went to the state law library;

2. That while Plaintiff was gone four Providence Police officers, whose badge numbers are #802, #593, #472, and #569, caused the truck to be towed;

3. That this action constituted an unlawful seizure in violation of the Fourth Amendment of the United States Constitution;

4. That Plaintiff sought unsuccessfully to have the police officers issue him a ticket or other writing to document or justify the seizure, but they refused;

5. That thereafter Plaintiff tried unsuccessfully to obtain a copy of the police report concerning this incident from the Providence Police Department;

6. That Plaintiff seeks damages of $10,000.00 from each of the four police officers.

In light of the fact that Plaintiff is pro se, that he has made three attempts to file an acceptable Complaint, and that the information set forth above can be gleaned from his most recent filing, the Court concludes that the Application should be granted. Accordingly, the Application is GRANTED.[1]

So ordered.

---

[1] The fact that the Court is granting the Application does not mean that the Court has determined the Second Amended Complaint states a claim upon which relief may be granted or that it is immune from a properly filed motion to dismiss. All the Court has determined is that Plaintiff's Application should be granted.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
March 12, 2007

BY ORDER:

Deputy Clerk