UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PATRICK RUDD, :
Plaintiff, :
v. : CA 07-014 S
:
PROVIDENCE POLICE DEPT., :
BADGES #802, 593, 472, & 569, :
and DEAN'S AUTO BODY, :
Defendants. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Motion for Temporary Restraining Order Under 18 USC 1345 Injunctions Against Fraud (Document ("Doc.") #8) ("Motion for TRO" or "Motion") filed by Plaintiff Patrick Rudd ("Plaintiff"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that no hearing is necessary.

**Facts**

Reading Plaintiff's Second Amended Complaint with the extra degree of solicitude due a pro se litigant, it appears that he alleges the following:

1. That on the morning of January 10, 2007, he legally parked a truck on Benefit Street, in Providence, Rhode Island, for less than thirty minutes while he went to the state law library;

2. That while Plaintiff was gone four Providence Police officers, whose badge numbers are #802, #593, #472, and #569, caused the truck to be towed;

3. That this action constituted an unlawful seizure in violation of the Fourth Amendment of the United States Constitution;

4. That Plaintiff sought unsuccessfully to have the police officers issue him a ticket or other writing to document or justify the seizure, but they refused;

5. That thereafter Plaintiff tried unsuccessfully to obtain a copy of the police report concerning this incident from the Providence Police Department;

6. That Plaintiff seeks damages of $10,000.00 from each of the four police officers.

In the Motion for TRO, Plaintiff requests that the Court protect him from:

> any And all non-moving violations, that the wrath or the vengeance of the Providence Police Dept. or others, under their prodding, attempt to restrict my Rights to travel, on the highways, and byways of this Country of the UNITED STATES.

Motion for TRO at 1.[1] Thus, it appears that Plaintiff seeks an order prohibiting the Providence Police Department or any of its agents from issuing any "non-moving violations" which would interfere with his ability to travel upon the public roads.

**Law**

"The standard to be applied to determine whether to issue a temporary restraining order is identical to the standard applied for preliminary injunctions."[2] Kellam v. Burnley, 673 F.Supp. 71, 72 (D.R.I. 1987). In determining whether to issue a temporary a preliminary injunction, a district court must weight four factors: "(1) the likelihood of success on the merits; (2)

---

[1] Plaintiff has numbered the pages of the Motion for TRO as 21 and 22. The Court disregards this numbering and treats the first page of the Motion as page 1.

[2] A temporary restraining order is intended to preserve the status quo until a preliminary injunction hearing can be held. See Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). A preliminary injunction preserves the status quo pending a final trial on the merits. See id.

the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Wine and Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005)(alteration in original). Of the four factors, the likelihood of success on the merits is the most important. See id. Indeed, "if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Id.

**Discussion**

As an initial matter, it does not appear that Plaintiff has complied with the Federal Rules of Civil Procedure with regard to the Motion for TRO. The Motion does not contain a certificate of service that a copy has been served upon all the Defendants as required by Rule 5(a)[3] and District of Rhode Island Local Rule Cv

[3] Fed. R. Civ. P. 5(a) provides in relevant part:

> (a) Service: When required. **Except as otherwise provided in these rules**, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, **every written motion** other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper **shall be served upon each of the parties**. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

Fed. R. Civ. P. 5(a) (bold added).

5.1.[4] While Federal Rule of Civil Procedure Rule 65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party, that procedure is permitted only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). Plaintiff has not filed an affidavit or a verified complaint, and he has not certified to the Court in writing what efforts he has made to give notice of the Motion for TRO to the Providence Police Department and reasons why notice should not be required. Accordingly, the Motion should be denied for these procedural failures.

In addition, the Motion seeks issuance of a temporary restraining order under 18 U.S.C. § 1345. See Motion. That statute is part of the Mail Fraud Injunction Act. See United States v. Acorn Technology Fund, L.P., 429 F.3d 438, 441 (3rd Cir. 2005)(referring to 18 U.S.C. § 1345, et seq. as "the Mail Fraud Injunction Act"). Plaintiff's complaint does not appear to involve mail fraud, and it does not involve a violation of the banking laws, see United States v. Cohen, 152 F.3d 321, 325 (4th Cir. 1998)(noting that under 18 U.S.C. § 1345(a)(2)(A) "Congress has explicitly empowered district courts to enter injunctions to freeze the assets of a person guilty of banking law violations").

[4] District of Rhode Island Local Rule Cv 5.1(a)(1) provides in relevant part: "Proof of service of any document required to be served on a party or non-party shall be filed with the Court within three (3) days after service is made." DRI LR Cv 5.1.

In fact, 18 U.S.C. § 1345 authorizes the Attorney General of the United States to seek temporary or permanent injunctions against fraud. See 18 U.S.C. § 1345. There is no indication that the statute authorizes issuance of a temporary restraining order at the behest of a private citizen like Plaintiff.

Even if the Court were to overlook these procedural and substantive deficiencies, I find that Plaintiff has not demonstrated the likelihood of success on the merits. Plaintiff in his motion for jury trial states that has "opted" not to register his vehicle with the State of Rhode Island. See Motion for Action of a Jury Trial, Upon the Merits of 42 USC 1985, as to the Deprivation of My Human Rights Granted by the U.S. Constitution (Doc. #2) at 2[5]. Thus, Plaintiff appears to seek a temporary restraining order which would prohibit the Providence Police Department from enforcing, as to Plaintiff, a state law requiring that motor vehicles operated on the highway be registered. See R.I. Gen. Laws § 31-3-1.[6]

As the regulation of motor vehicles by the states has long been recognized, including the requirement that such vehicles be registered, I find that Plaintiff has not shown a likelihood of success on the merits. See Cady v. Dombrowski, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528 (1973)("All States require vehicles to be registered and operators to be licensed. States and

---

[5] Plaintiff has numbered the pages of the motion for jury trial as 4-8 (including his one page memorandum). See Motion for Action of a Jury Trial, Upon the Merits of 42 USC 1985, as to the Deprivation of My Human Rights Granted by the U.S. Constitution (Doc. #2) ("Motion for Jury Trial"). The Court disregards this numbering and treats the second page of the Motion for Jury Trial as page 2.

[6] R.I. Gen. Laws § 31-3-1 states that "It is a civil violation for any person to operate, or for an owner knowingly to permit to be operated, upon any highway any vehicle of a type required to be registered under this chapter which is not registered and for which the appropriate fee has not been paid."

localities have enacted extensive and detailed codes regulating the condition and manner in which motor vehicles may be operated on public streets and highways."); California v. Buzard, 382 U.S. 386, 392, 86 S.Ct. 478, 482 (1966)(noting "Congress' recognition that, in one form or another, all States have laws governing the registration and licensing of motor vehicles, and that such laws impose certain taxes as conditions thereof"); cf. id. (holding that a "serviceman who has not registered his car and obtained license plates under the laws of his home State, whatever the reason, may be required by the host State to register and license the car under its laws"). Because Plaintiff has not demonstrated a likelihood of success, it is unnecessary to discuss the other three factors for issuance of a TRO. See Wine and Spirits Retailers, Inc. v. Rhode Island, 418 F.3d at 46.

**Conclusion**

For the reasons stated above, I recommend that the Motion for TRO be denied. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days[7] of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 6, 2007

[7] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).