UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PATRICK RUDD, :
Plaintiff, :
v. : CA 07-014 S
:
PROVIDENCE POLICE DEPT., :
BADGES #802, 593, 472, & 569, :
and DEAN'S AUTO BODY, :
Defendants. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is a motion for summary judgment filed by Plaintiff Patrick Rudd ("Plaintiff"). See "l.r. Cv 56 MOTION FOR SUMMARY JUDGMENT STATEMENT OF UNDISPUTED FACTS" (Document ("Doc.") #13) ("Motion for Summary Judgment" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that no hearing is necessary. For the reasons stated herein, I recommend that the Motion be denied.

**Facts**

Reading Plaintiff's Second Amended Complaint (Doc. #11) with the extra degree of solicitude due a pro se litigant, it appears that he alleges the following:

1. That on the morning of January 10, 2007, he legally parked a truck on Benefit Street, in Providence, Rhode Island, for less than thirty minutes while he went to the state law library;

2. That while Plaintiff was gone four Providence Police officers, whose badge numbers are #802, #593, #472, and #569, caused the truck to be towed;

3. That this action constituted an unlawful seizure in violation of the Fourth Amendment of the United States

Constitution;

4. That Plaintiff sought unsuccessfully to have the police officers issue him a ticket or other writing to document or justify the seizure, but they refused;

5. That thereafter Plaintiff tried unsuccessfully to obtain a copy of the police report concerning this incident from the Providence Police Department; and

6. That Plaintiff seeks damages of $10,000.00 from each of the four police officers.

The Second Amended Complaint does not contain any allegations against Dean's Auto Body.

**Discussion**

Unless a defendant waives service of a summons, see Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(d), a plaintiff is required to serve a summons and a copy of the complaint upon each defendant, see Fed. R. Civ. P. 4(c)(1).[1] There is no evidence in the record that Plaintiff has served any defendant in this action. Unless a defendant has been properly served, s/he has no obligation to respond to a lawsuit. See Rowe v. Davis, 373 F.Supp.2d 822, 824 (N.D. Ind. 2005)("Until the defendants are served, they have no obligation to respond to the complaint."); Riddle v. IRS, No. CV-04-415-ST, 2004 WL 1920061, at *1 (D. Or. Aug. 26, 2004)("Although an action is commenced by the filing of

---

[1] Fed. R. Civ. P. 4(c) provides in relevant part:

> (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed. R. Civ. P. 4(c)(1). Summonses (and also waiver of summons forms) are available at the Clerk's Office and also from the Court's website at www.rid.uscourts.gov under "Forms."

a complaint, a defendant is not required to respond to a complaint unless and until properly served."); Vasquez v. United States Office of Personnel Management, 847 F.Supp. 848, 850 (D. Col. 1994)("Until properly served, defendant is not required to answer ...."). As it does not appear that Defendants have been properly served, they have no obligation to respond to the motion for summary judgment. Accordingly, the Motion should be denied, and I so recommend.[2]

## Conclusion

For the reasons stated above, I recommend that the Motion for Summary Judgment be denied. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days[3] of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific

---

[2] The Court also notes that Plaintiff's Certificate of Service on the Motion is deficient. It states that he "HAND DELIVER[ED] THE ABOVE 6 PAGES TO THE CLERK'S OFFICE ON THE 21st day of March [2]007." Motion at 8. The Certificate of Service does not state that copies of the Motion were served on Defendants. Although Plaintiff has attached what appear to be photocopies of four envelopes addressed to the four badge numbers at: "Prov. Police Dept., c/o Providence Municipal Court, 325 Westminster Street, Providence, RI 02903," Motion, Four Exhibits, the purpose of a certificate of service is to demonstrate that a copy of the motion or document has been served on the opposing party or parties. The purpose is not to show that it has been filed with the Clerk. Thus, a certificate of service should state explicitly who was served with a copy of the document, how such service was made, and when it was made (e.g., "I hereby certify that on May 1, 2007, I served a copy of the above motion for summary judgment on Defendant John Doe by mailing a copy to him (or his attorney) by first-class mail, postage prepaid, addressed to him at 2 Main Street, Providence, RI 02903.").

An additional problem with Plaintiff's Certificate of Service is that it states Plaintiff hand delivered "the above **6** pages to the Clerk's Office ...." Motion at 8 (bold added). Since the Motion has at least eight pages, this statement raises the question of whether Plaintiff sent the entire Motion to Defendants.

[3] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).

objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 13, 2007